# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT RAMOS,<br><br>             Petitioner,<br><br>     v.<br><br>JAMES YATES,<br><br>             Respondent.                    / | CV F   07-00146 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>[Doc. 18] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on January 26, 2007. Respondent filed an answer to the petition on August 9, 2007.  (Court Doc. 9.)  Petitioner has not filed a traverse.

     Now pending before the Court is Petitioner's motion for a stay and abeyance, pending exhaustion in the state court.  (Court Doc. 18.)  In his motion, Petitioner states "when the state appoints ineffective assistance of counsel who fails to prepare and present issues of merit on direct appeal that would be later procedural bar, the state must assume responsibility for appointing ineffective counsel."  (Motion, at 3.)  Petitioner further states "[t]his court must hold the exhausted issues pending in this court in abeyance in the interest of judicial economy to enable petitioner to exhaust the unexhausted issues that are pending in the state court.  (See the list of grounds that are pending resolution on the merits in the state court hereto.)"  (Id.)

1

In <u>Rhines v. Weber</u>, 544 U.S. 269, 277-278 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. <u>Id</u>. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. The Supreme Court noted that it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at 278.

The Ninth Circuit has questioned, but not resolved, whether the standards set forth by the United States Supreme Court in <u>Rhines</u> apply when the petitioner seeks to stay a fully exhausted petition. <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005). The Ninth Circuit noted that Rhines held that the district court authorized stays of *mixed* petitions in limited circumstances. <u>Id</u>. at 660. The Ninth Circuit suggested that the "three-step stay-and-abeyance procedure approved in Taylor and Kelly" might still be valid. <u>Id</u>.; see <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002); <u>Calderon v. District Court (Taylor)</u>, 134 F.3d 981 (9th Cir. 1998). This implicates that the limitations set on the stay and abeyance in Rhines might not apply. See <u>Jackson</u>, 425 F.3d at 659; <u>see</u> e.g. <u>Romero v. Runnels</u>, No. CIV S-04-0459, 2006 WL 2460736 at *2 (E.D. Cal. Aug. 23, 2006); <u>Lugo v. Kirkland</u>, No. C 05-0580, 2006 WL 449130 at *4 (N.D. Cal. Feb. 22, 2006).

Irrespective of whether the instant motion is subject to the standard as set forth in <u>Rhines</u> or <u>Taylor</u> and <u>Kelly</u>, for the reasons explained *infra*, it fails under either standard. First, although

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

2

1  Petitioner references an attachment listing the claims pending in the state court, no such
2  attachment exists.  Thus, the Court is not able to determine what claims he intends to exhaust and
3  whether such claims are potentially meritorious.  Second, Petitioner has not set forth any facts to
4  show good cause for a stay, and there is no indication of his diligence in pursuing the unknown
5  claims.  Indeed, Petitioner provides no explanation whatsoever as to why he did not seek to
6  present the claims to the state court before filing in this Court.  Petitioner's motion appears to be
7  completely unfounded and is without merit.

8      Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motion for to
9  stay and abeyance should be DENIED.

10      This Findings and Recommendation is submitted to the assigned United States District
11  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
12  the Local Rules of Practice for the United States District Court, Eastern District of California.
13  Within fifteen (15) days after being served with a copy, any party may file written objections
14  with the court and serve a copy on all parties.  Such a document should be captioned "Objections
15  to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
16  and filed within five (5) court days (plus three days if served by mail) after service of the
17  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
18  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
19  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
20  Cir. 1991).

23      IT IS SO ORDERED.
24  **Dated:   May 14, 2008**            /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE